**Gerardo HERNANDEZ RODRIGUEZ; Fabiola Rubio Hernandez; Edna Fabiola Hernandez Rubio, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72144.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 23, 2007.

Gerardo Hernandez Rodriguez, Bakersfield, CA, pro se.

Fabiola Rubio Hernandez, Bakersfield, CA, pro se.

Edna Fabiola Hernandez Rubio, Bakersfield, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Gerardo Hernandez Rodriguez and Fabiola Rubio Hernandez, husband and wife, and their daughter, Edna Fabiola Hernandez Rubio, all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, 8 C.F.R. § 1003.2(c)(2) (motion

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"), and petitioners did not demonstrate a material change in circumstances in Mexico, 8 C.F.R. § 1003.2(c)(3)(ii) (time limitations do not apply to motions to reopen to apply for asylum or withholding of removal based on changed circumstances, if the evidence is material and was not available at the previous hearing).

Petitioners' reliance on *Khourassany v. INS*, 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000), is misplaced. In that case, the time and number limits for motions to reopen did not apply because petitioners had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.